UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATT WOLD and NORM WOLD,

        Plaintiffs,

v.                                                   Case No. 17-cv-252-pp

HON. JAMES ROBART,

        Defendant.

---

**ORDER DENYING PLAINTIFFS'S MOTION FOR ENTRY OF DEFAULT (DKT. NO. 10), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 6) AND DISMISSING CASE**

---

On February 23, 2017, the plaintiffs filed this case against Judge James Robart of the United States District Court for the Western District of Washington, after Judge Robart temporarily enjoined and restrained the nationwide enforcement of sections of Executive Order 13769 (First Executive Order) entitled "Protecting the Nation from Foreign Terrorist Entry in the United States." Dkt Nos. 1, 7-3. The plaintiffs assert that Judge Robart's ruling "disparaged" their "individual rights protected by the Ninth Amendment to the U.S. Constitution." Dkt. No. 1 at 2. They seek injunctive relief "commanding defendant to rescind the nationwide temporary restraining order of President Trump's executive order."[1] Dkt. No. 1 at 4. After the defendant filed a motion to dismiss the case, dkt. no. 6, the plaintiffs filed a motion for entry of default,

---

[1] In their unauthorized reply to the defendant's reply in support of his motion to dismiss, the plaintiffs clarify that they do not seek monetary relief. Dkt. No. 16 at 2.

1

dkt. no. 10. Because the court cannot grant the relief requested, it will dismiss the case.

**I.     Background**

Three days after President Trump signed the First Executive Order, the State of Washington filed a complaint for declaratory and injunctive relief in the Western District of Washington, challenging the order as unconstitutional. State of Washington v. Trump, Case No. 17-cv-141 (W.D. Wash.), Dkt. No. 1. The State of Minnesota joined as a plaintiff, and both states moved to temporarily enjoin the enforcement of the First Executive Order. Id. at Dkt. No. 18. On February 3, 2017, Judge Robart granted the states' motion "on a nationwide basis," temporarily enjoining sections 3(c) and 5(a)-(c), and section 5(e) to the extent it "purports to prioritize refugee claims of certain religious minorities" and prohibited the government from "proceeding with any action that prioritizes the refugee claims of certain religious minorities." Id. at Dkt. No. 52.

The defendants appealed Judge Robart's temporary restraining order to the Ninth Circuit, and a three-judge panel issued a unanimous decision denying the motion for stay pending appeal. See State of Washington v. Trump, 847 F.3d 1151 (9th Cir. 2017). Meanwhile, on March 6, 2017, President Trump signed Executive Order 13780 (Second Executive Order), titled "Protecting the Nation from Foreign Terrorist Entry into the United States," which revoked the First Executive Order. Dkt. No. 7-4.

On March 13, 2017, the State of Washington filed a motion to amend in order to address the Second Executive Order, as well as an emergency motion to enforce the preliminary injunction. State of Washington, Case No. 17-cv-141 (W.D. Wash.), Dkt. Nos. 118, 119. Two days later, a district judge in Hawaii entered a nationwide temporary restraining order regarding the Second Executive Order in Hawai'i v. Trump, 241 F. Supp. 3d 1119 (D. Haw. 2017), Dkt. No. 7-6. A district judge from Maryland similarly enjoined Section 2(c) of the Second Executive Order in Int'l Refugee Assistance Project v. Trump, 241 F. Supp. 3d 539 (D. Md. 2017), aff'd in part and vacated in part, 857 F.3d 554 (4th Cir. 2017), as amended (May 31, 2017), as amended (June 15, 2017), cert. granted, 137 S. Ct. 2080 (2017), and vacated and remanded, 138 S. Ct. 353 (2017). Because of these two decisions, Judge Robart entered a March 17, 2017 order staying his determination of the plaintiff's motion for a temporary restraining order "so long as the nationwide TRO or preliminary injunction of identical scope remains in place in Hawai'i v. Trump." State of Washington, Case No. 17-cv-141 (W.D. Wash.), Dkt. No. 164 at 11-12.

The provisions of the Second Executive Order since have expired on their own terms; consequently, the United States Supreme Court vacated the judgments in the lower courts with instructions to dismiss as moot the challenges to the Second Executive Order. Trump v. Hawai'i, 138 S. Ct. 377 (2017); Int'l Assistance Project v. Trump, 138 S. Ct. 353.

On September 27, 2017, President Trump signed a Presidential Proclamation entitled "Enhancing Vetting Capabilities and Processes for

3

Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats," 82 Fed. Reg. 45,161. State of Washington, Case No. 17-cv-141 (W.D. Wash.), Dkt. No. 209 at 1. The State of Washington filed a third amended complaint in the Western District of Washington regarding the Proclamation, and a motion for temporary restraining order. Id. at Dkt. Nos. 198, 200. Before Judge Robart had an opportunity to decide that motion, the federal district court for the District of Hawai'i entered a temporary restraining order enjoining the government "fully from enforcing or implementing" sections 2(a)-(c), 2(e) and 2(g)-(h) of the Proclamation. Hawai'i v. Trump, 265 F. Supp. 3d 1140, 1161 (D. Haw. 2017). Similarly, the district court of Maryland entered a preliminary injunction in Int'l Refugee Assistance Project v. Trump, 265 F. Supp. 3d 570, 633 (D. Md. 2017). By order dated October 27, 2017, Judge Robart stayed consideration of the plaintiffs' temporary restraining order regarding the Proclamation in the Western District of Washington "as long as the preliminary injunction" in Hawai'i v. Trump remains in effect. State of Washington, Case No. 17-cv-141 (W.D. Wash.), Dkt. No. 209 at 16.

## II. Plaintiff's Motion for Default (Dkt. No. 10)

After the defendant filed a motion to dismiss, the plaintiffs filed a motion for entry of default. Dkt. No. 10. In support of this motion, they submitted an affidavit, in which they attested that the "[d]efendant was served with a copy of the summons and complaint on March 10, 2017, as reflected on the docket sheet by the proof of service filed on March 21, 2017." Dkt. No. 11 at ¶3. They asserted in the affidavit that the defendant's answer to the complaint was due

4

on May 10, 2017, and that the defendant had not answered or otherwise responded by that date. Id. at ¶¶4, 5.

Fed. R. Civ. P. 55(a) says that if a party fails to plead or otherwise defend, and "that failure is shown by affidavit or otherwise," the clerk must enter default. A party who moves for default under Rule 55(a) "has the burden of showing that service of process was property effected consistent with Rule 4 of the Federal Rules of Civil Procedure." Geraci v. Everhart, Case No. 09-C-433, 2009 WL 3446193 at *2 (E.D. Wis., Oct. 23, 2009). In order to determine whether the plaintiffs are entitled to default, therefore, the court must determine whether they properly served the defendant under Rule 4.

The plaintiffs have sued a federal district court judge, who is an officer and employee of the United States. Rule 4(i)(3) of the Federal Rules of Civil Procedure explains the service required when a plaintiff sues an officer or employee in his individual capacity. That rule requires that the plaintiff "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."

In order to serve the United States, Fed. R. Civ. P. 4(i)(1)(A)(i) requires the plaintiff to deliver a copy of the summons and the complaint "to the United States Attorney for the district where the action is brought." Rule 4(i)(1)(B) requires that the plaintiff also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States "at Washington, D.C." Actual notice to the defendant that a lawsuit has been filed is not sufficient; the plaintiff must comply with Rule 4. See Mid–Continent

5

Wood Prod., Inc. v. Harris, 936 F.2d 297, 301–02 (7th Cir. 1991) (stating that actual notice is not sufficient to satisfy the requirements of Rule 4).

The plaintiffs filed their proof of service on March 21, 2017. Dkt. No. 4. It shows that KKWT Process Services in Spanaway, Washington served the summons on Nicki (or Micki) Bruner, an Assistant U.S. Attorney General in Seattle, Washington, on March 10, 2017. Dkt. No. 4. There is no evidence that the plaintiffs served the complaint on the defendant himself, nor that they served it on the U.S. Attorney's Office for the Eastern District of Wisconsin, nor that they sent it to the office of the U.S. Attorney General in Washington, D.C. The defendant pointed this out in the brief in support of his motion to dismiss. Dkt. No. 7 at 5.

In opposition to the motion to dismiss, the plaintiffs assert that they "correctly followed all service instructions provided . . . by the Clerk of Court for the United States District Court for the Eastern District of Wisconsin." Dkt. No. 13 at 2. They attached to their opposition brief a copy of a letter from then-clerk of court Jon W. Sanfilippo, indicating that he had attached a page laying out steps for service of the complaint. Dkt. No. 13-1. The plaintiffs also assert that they should not have to serve the United States because the United States would support their position, and argue that Rule 4(i) does not "pertain to the constitutional matter for which we are requesting relief . . . ." Dkt. No. 13 at 2.

The service instruction sheet provided to the plaintiffs by the clerk's office[2] is not a full recitation of the requirements of Rule 4(i). It explains who may serve a complaint by summons. It explains how to obtain a waiver. It explains that one can serve a complaint under the rules of the State of Wisconsin or the rules of the state in which a defendant resides. And it explains how to serve the United States. (As to that last point, it explains that, when serving the United States, a party may serve the summons and complaint on the U.S. Attorney by delivery to the U.S. Attorney, or by certified mail to the civil process clerk at the U.S. Attorney's Office. It also provides that a plaintiff *must* serve the Attorney General and "the agency involved" by certified or registered mail to the following address: US Attorney General, Department of Justice, Washington D.C. 20530.) The form does not instruct the reader that under the Federal Rules of Civil Procedure, anyone who sues an officer or employee of the United States must serve that person personally, as well as the United States.

The court understands that the plaintiffs may not be lawyers, and may not have any legal training. But "neither a party's pro se status nor his inexperience as a litigant excuse him from complying with the requirements" of Rule 4. Rose v. U.S. Postal Service, 352 Fed. App'x 82, 84 (7th Cir. 2009) (citations omitted). The Federal Rules of Civil Procedure—not help sheets from the clerks' office—govern how a plaintiff must serve a complaint, and a court

---

[2] The court provides that instruction sheet as an attachment to this order.

cannot enter default if a plaintiff has not followed Rule 4. Here, the plaintiffs have not done so.

Even if the clerk's letter to the plaintiffs could trump Rule 4 (which it cannot), the plaintiffs did not follow the clerk's instructions. The clerk's letter instructed the plaintiffs to serve "each defendant you have named." The plaintiffs named Judge Robart as a defendant, but they did *not* serve the complaint on Judge Robart. They served it on an Assistant Attorney General in Seattle, Washington. That Assistant Attorney General is not a defendant in this case.

Finally, contrary to the plaintiffs' opinions, there is no exception from the requirements of Rule 4(i) for cases alleging constitutional causes of action.

Because the plaintiffs did not properly serve the defendant, the deadline for the defendant to answer has not expired, and the defendant has not defaulted. The court will deny the motion for entry of default.

**III. Defendant's Motion to Dismiss (Dkt. No. 6)**

The defendant moved to dismiss the case under Fed. R. Civ. P. 12(b)(2), (3) and (5). Rule 12(b)(2) allows a party to seek dismissal based on lack of personal jurisdiction. When a defendant moves for dismissal under Rule 12(b)(2), the burden is on the plaintiff to establish that the court has jurisdiction over the defendant. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).

Rule 12(b)(5) allows a party to move for dismissal based on insufficient service of process. As with motions under Rule 12(b)(2), the burden is on the

8

plaintiff to demonstrate proper process, because "valid service of process is necessary in order to assert personal jurisdiction over a defendant." Mid-Continent Wood Prods., Inc., 936 F.2d at 301.

Finally, Rule 12(b)(3) allows a party to seek dismissal based on improper venue. Again, the plaintiff bears the burden of establishing proper venue under Rule 12(b)(3). Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1969).

### A. The Plaintiffs' Claims are Moot

Article III of the Constitution limits the jurisdiction of the federal courts to deciding "cases" and "controversies," and an actual controversy must exist not merely at the initiation of the case, but throughout all stages of the litigation. Kingdomware Techs., Inc. v. United States, 136 S. Ct. 1969, 1975 (2016). "A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." Eichwedel v. Curry, 700 F.3d 275, 278 (7th Cir. 2012). To put it another way, "'a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Id. (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009)).

9

There is no longer a live case or controversy here. The First Executive Order is the subject of this case. The Second Executive Order expressly revoked the First Executive Order, which means the First Executive Order is no longer in effect. The plaintiffs do not challenge the Second Executive Order, and in any event, that order expired on its own terms last year. Judge Robart himself has acknowledged that the First and Second Executive Orders have expired. Judges from *other* districts have enjoined the third order—the Presidential Proclamation; Judge Robart has stayed any ruling on the Proclamation as long as the nationwide injunction remains in effect. Indeed, the United States Supreme Court has ruled directly on this question. The Court held that lower courts must dismiss as moot challenges to Executive Order No. 13780, because the Order expired and no longer presented a "live case or controversy." <u>Trump v. Int'l Refugee Assistance, et al.</u>, 138 S. Ct. 353 (2017).

The plaintiffs do not challenge the Proclamation, and Judge Robart has stayed any ruling on the motion to enjoin it. There is nothing for this court to enjoin. Given that, the court must dismiss the case.

B.  <u>Insufficient Service of Process</u>

The defendant alternatively moved to dismiss on the ground that the plaintiffs failed to serve him as required by the rules. The plaintiffs acknowledge that "they missed some steps," but assert that they shouldn't have to serve the United States because the United States would agree with their arguments, and that Rule 4(i) shouldn't apply to constitutional claims.

10

The court already has held that these arguments are without merit, and that the plaintiffs failed to properly serve the defendant.

The plaintiffs filed their complaint on February 23, 2017. Dkt. No. 1. Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The ninety days for the plaintiffs to serve the defendant expired on May 24, 2017, about a week after the defendant filed the motion to dismiss. While the rule allows the court to order that the deadline for effecting service be extended, the court cannot do that here. Because the plaintiffs' claims are moot, there is no reason to extend the deadline to allow them to properly serve a complaint. And the plaintiffs have known since they received the defendant's motion to dismiss that service was improper, yet they never sought an extension of time to effectuate proper service.[3] The failure to properly serve the complaint provides another basis for dismissal.

## IV. Conclusion

The court **DENIES** plaintiffs' motion for entry of default. Dkt. No. 10.

The court **GRANTS** defendant's motion to dismiss because the case is moot and plaintiffs have not properly served the defendant. Dkt. No. 6.

---

[3] The defendant also asked the court to dismiss on the grounds of sovereign immunity, dkt. no. 7 at 5; absolute judicial immunity, dkt. no. 7 at 6; and improper venue, dkt. no. 7 at 7. The court need not address these grounds, given its ruling on service and mootness.

The court **DISMISSES** this case. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**